CADILLA, APPELLANT, v. THE REGISTRAR OF PROPERTY,
RESPONDENT.

APPEAL from a decision of the Registrar of Property of
Caguas.

No. 135.—Decided February 7, 1913.

ADMINISTRATIVE APPEAL—DOCUMENT NOT PRESENTED IN REGISTRY.—This court
cannot consider on appeal from a decision of the registrar of property docu-
ments which are not shown to have been presented in the registry.

CURABLE DEFECTS—DESCRIPTION OF PROPERTY.—The fact that the principal prop-
erty from which the lot sought to be recorded was segregated is not described
in the document presented for record constitutes a curable defect.

ID.—DESCRIPTION OF PROPERTY.—Failure to set forth in the deed the area of the
lot sought to be recorded constitutes a curable defect. It is not enough to
describe it by boundaries giving the length of each boundary.

The facts are stated in the opinion.

*Mr. Andrés Mena* for appellant.

The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Upon presentation in the Registry of Property of Caguas
by Ramón Cadilla Colón of a notarial document to be recorded,
the acting registrar endorsed thereon the following foot note:

"The foregoing document is recorded on page 130 of volume 37
of Caguas, property No. 1760, entry 1st, with the curable defects that
a description is not given of the main property from which the lot
where the house built by Cadilla y Colón stands was segregated, and
furthermore, that the said document does not state the area of said
lot, which last defect has been passed upon in the decision ren-
dered on February 20, 1911, by the Supreme Court of Porto Rico in
administrative appeal No. 86, *Pascasia González* v. *The Registrar of
Property of San Juan*, Section 1. Caguas, P. R., December 7, 1912."

From this decision an appeal has been taken asking that
it be reversed as far as the curable defects are concerned. .

These two defects are as follows: First, that the prin-
cipal estate from which the lot whereon the house stands

was segregated is not described, and, second, that the document does not set forth the area of said lot.

In addition to the notarial document containing the decision from which this appeal has been taken the appellant has presented in this court copies of certain ordinances of the municipility of Caguas and a certificate issued by the secretary of that municipality, but as there is nothing to show that these documents were presented to the registrar to-gether with the notarial instrument for consideration in connection with his decision we cannot take them into consideration. *Calenti* v. *The Registrar,* 12 P. R. R., 8.

The instrument which originated this appeal states that the municipality of Caguas is the owner of a lot, the description of which is given by boundaries, giving the length of each boundary in meters, but does not state the area of the lot; also that said lot was segregated from the land re corded in the Registry of Property of Caguas in the name of the municipality, giving the page, volume and entry as well as the title and date. It also states that the appellant has the usufruct of said lot under a grant made to him by the municipal council.

Therefore, the instrument presented in the registry of property does not give a description of the principal estate from which the lot granted to the appellant Cadilla in usufruct was segregated, and although the data given is sufficient to enable the registrar to identify the same on his books, nevertheless this is not sufficient and constitutes a curable defect because the description of the property must be set forth in the instrument presented for record, as already decided by this court in *Franceschi* v. *The Registrar of Property,* 13 P. R. R., 221, and by the General Directorate of Registries on November 20, 1889, and December 1, 1892.

With regard to the second curable defect assigned by the registrar in his note to the effect that the instrument does not give the area of the lot granted to Cadilla, it has already been decided by us that although the omission of this detail

does not bar its admission to record it is, however, a curable defect which should be set forth in the record. *González* v. *The Registrar of Property*, 17 P. R. R., 226; *Carrasquillo* v. *The Registrar of Property*, 17 P. R. R., 409.

The only two questions presented having thus been determined, the decision of the registrar appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.